UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID LEE HILL                          CIVIL ACTION NO. 08-272-P

VERSUS                                  JUDGE HICKS

DAMON D. KERVIN, ET AL.                 MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Plaintiff David Lee Hill's ("Hill") Motion to Alter or Amend the Judgment (Doc.#13) styled "Plaintiff's Notice of Appeal of Judgment" filed on June 17, 2008. For the following reasons, Hill's motion is **DENIED**.

**I.    BACKGROUND**

A Report and Recommendation was entered by the Magistrate Judge on April 11, 2008, dismissing Hill's complaint with prejudice as frivolous under 28 U.S.C. §1915(e) and dismissing without prejudice Hill's request for habeas relief for failure to exhaust state court remedies (Doc. #9). On June 3, 2008, this Court entered a Judgment adopting the Report and Recommendation of the Magistrate Judge (Doc. #12). On June 17, 2008, Hill filed "Plaintiff's Notice of Appeal of Judgment" as to the Judgment issued by this Court on June 3 (Doc. #13). The United States Fifth Circuit Court of Appeal ruled on May 4, 2009, that Hill's Notice of Appeal was actually a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e). The Court of Appeal then remanded the case back to this court for the limited purpose of ruling on the 59(e) motion (Doc. #21). On May 14, 2009, Hill filed a "Supplemental Brief" in support of the Rule 59(e) Motion (Doc. #23).

**II.   ANALYSIS**

Altering or amending a judgment is considered "an extraordinary measure, which courts should use sparingly." In the Matter of Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1).

Generally, a motion to alter or amend a judgment, filed under Rule 59(e) may be granted: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law. Id. at 816. Rule 59(e) provides that "[a] motion to alter or amend judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Hill's motion was filed timely.

However, Hill's motion is **DENIED** because nothing in it moves this Court to alter or amend its prior judgment. Hill continues to make the same claims for civil rights violations under 42 U.S. C.§ 1983 regarding attorneys Damon D. Kervin, Serrah Giddens and Linda Ramsey. Hill has still not met the precondition that his conviction or sentence has been invalidated. In addition, Hill continues to challenge his conviction, multiple offender adjudication and sentence and seeks a release from incarceration. Hill's claims are more properly considered as a writ of habeas corpus. A petitioner seeking habeas relief must first exhaust all available state remedies. Hill has not exhausted all state court remedies. Accordingly, none of the claims submitted by Hill provide the Court with grounds for departing from its prior decision. No error of law or change in the law is identified, no new evidence is presented and no manifest injustice resulted from this Court's prior ruling.

Accordingly, for the reasons noted above, Hill's Rule 59(e) Motion entitled "Notice of Appeal" (Doc. #13) is hereby **DENIED**.

Thus done and signed, this the 28th day of July, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE